Gregory HARKINS, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 3–880A234.

Court of Appeals of Indiana, Third District.

Jan. 28, 1981.

Edward C. Hilgendorf, South Bend, for appellant-defendant.

Linley E. Pearson, Theodore L. Sendak, Attys. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Gregory Harkins was charged and convicted by a jury of one count of burglary, a Class B felony.[1]

On appeal, he raises two issues for our consideration. They are as follows:

(1) Did the trial court err in admitting Harkins' confession?

(2) Did the trial court err when it did not give Harkins' tendered instruction to the jury?

We affirm.

### I.

### Confession

On July 10, 1979, Harkins and his girlfriend broke and entered Harkins' next door neighbor's house. They ransacked the house and took $300.00 in cash along with several items of personal property.

On July 17, 1979, Detective Sergeant Mary M. O'Brien of the St. Joseph County Police Department asked Harkins to accompany her to the police station in order that she could question him about his whereabouts on July 10 and about a burglary at

---

1. "[IC 1971] 35–43–2–1. Burglary.—A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person."

his neighbor's house. He voluntarily accompanied her to the station.

After ascertaining that Harkins could read and write, a warning and waiver form containing a complete statement of the "*Miranda* Rights" was read to him. He stated he understood those rights and he signed the waiver of them at 2:55 P.M. He was told that he was suspected of being involved in the burglary and would be questioned about it. His voluntary statement was started at 4:11 P.M. and finished at 4:35 P.M.

■ On the form used to record his voluntary statement was a restatement of all his "*Miranda* Rights" except his right to stop answering questions at any time.[2] Harkins argues that he could not have been adequately advised of his rights because the restatement of the "*Miranda* Rights" on the waiver form was incomplete; therefore, he contends his confession was inadmissible evidence. We disagree.

■ In determining if a confession is admissible, we consider the totality of the surrounding circumstances to decide if the confession was made voluntarily. *Tyson v. State* (1979), Ind., 386 N.E.2d 1185. We apply this same test to determine if there was a voluntary waiver of "*Miranda* Rights." *Grey v. State* (1980), Ind., 404 N.E.2d 1348. We will not weigh the evidence or assess the credibility of witnesses.

■ Our Supreme Court has held that while it is the better practice to advise an accused of his "*Miranda* Rights" at the beginning of each interview, it is not an absolute prerequisite. *Grey, supra.* Looking at the totality of the circumstances, we conclude that the confession was admissible and that the confession was voluntarily given by Harkins.

**2.** The form stated:

"This statement is voluntarily made by me without any threats, coercion or promises of any kind or nature. Before making any statement to the police, I was advised that I had the absolute right to remain silent and that anything I might say could be used against me in a criminal proceeding. I was advised also of my right to have an attorney present before answering any questions and that if I was unable to afford one, an attorney

## II.

### Jury Instruction

Harkins argues[3] that the trial court should have instructed the jury that burglary as a "Class C" felony is a lesser included offense of burglary as a "Class B" felony; therefore, the trial court should have provided the jury with a verdict form for burglary as a "Class C" felony. We disagree.

■ Burglary as a "Class C" felony is a lesser included offense of burglary as a "Class B" felony.[4] However, a trial court should not give an instruction and verdict form on a lesser included offense simply because the evidence indicates that the defendant committed the lesser offense in the process of the acts for which he or she was charged.

"To be sure, the evidence must establish the commission of the elements which comprise the lesser included offense in order for an instruction and form of verdict on that offense to go to the jury. However, the major focus of the evidentiary test is not on the elements of the lesser offense, but rather on the element(s) which distinguish(es) the offense charged from the lesser included offense. If the evidence which indicates that the defendant did in fact commit the distinguishing element is uncontroverted, then the instruction on the lesser included offense should not be given to the jury. . . ."

*Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098.

■ The evidence was uncontroverted that the building Harkins broke and en-

would be provided before questioning. I have freely and voluntarily waived my right to remain silent and my right to consult with an attorney before answering questions."

**3.** His argument has been reworded in order to clarify his contention.

**4.** We reach this conclusion by following the methodology set out in great detail in *Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098.

tered was a dwelling. The trial court did not err in refusing Harkins' tendered instruction number 5.

Judgment affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.