Veo McGEE, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 785S307.

Supreme Court of Indiana.

July 31, 1986.

Patrick Murphy, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Veo McGee was convicted at the conclusion of a jury trial in

the Madison County Superior Court of battery, a class C felony, and of being an habitual offender. He was given a five (5) year sentence which was enhanced by thirty (30) years due to the habitual offender finding. The following issues are raised on direct appeal:

1. whether Appellant was properly charged;

2. whether certain evidence was correctly determined to be inadmissible; and

3. whether there was sufficient evidence of serious bodily injury.

Appellant was an inmate at the Indiana Reformatory in Pendleton, Indiana, where the victim, Sergeant Grady Edwards, was a correctional officer supervising the feeding of the inmates. As Appellant obtained his tray of food, he rejected it, pushed it aside to the center of the serving window, and took another tray, all contrary to standard procedure. Edwards questioned Appellant concerning his behavior, and Appellant put down the second tray, took off his coat, and struck Edwards in the jaw, knocking him to the floor. Appellant then threw a half-gallon bucket of dishwater in Edwards' face. Edwards sprayed Appellant with tear gas. Appellant continued to fight and struck Edwards in the face. Edwards suffered a large cut over his left eye which bled and required seventeen (17) stitches, was knocked unconscious, and was given a black eye. His eyeglasses were broken and the frame was bent into his face. He suffered extreme pain and was taken to the hospital in an ambulance.

## I

Appellant alleges the trial court erred in refusing to dismiss the information filed. He maintains the information was conclusory and failed to apprise him of the nature of the charge against him. The information reads in pertinent part:

"On or about the 18th day of June, 1984, in Madison County, State of Indiana, VEO McGEE, Jr., did knowingly touch RAY EDWARDS in a rude, insolent and angry manner, to wit: by striking RAY EDWARDS on and about the eye and eyeglasses with his fist causing serious bodily injury to RAY EDWARDS.

All of which is contrary to ... IC 35–42–2–1"

Appellant moved to dismiss the information, which motion was denied.

▬ The purpose of an information is to advise the defendant of the particular crime charged so that he can prepare a defense. *Mauricio v. State* (1985), Ind., 476 N.E.2d 88, 91, *reh. denied* (1985). Absence of detail in an information is fatal only if the phraseology misleads the defendant or fails to give him notice of the charges against him. *Id., citing Smith v. State* (1983), Ind., 445 N.E.2d 998.

▬ The present information gave notice to Appellant of the exact charges against him: touching the victim in a rude, insolent, and angry manner by striking with his fists on the eye and eyeglasses, causing serious injury. This was sufficient to advise Appellant such that he could prepare a defense, and cannot be said to have misled him.

## II

Appellant contends the trial court erred in refusing to admit certain evidence. He sought to introduce eight (8) identical affidavits of fellow inmates, which affidavits recount a beating Appellant allegedly received from security officers after the crime. Appellant maintains this evidence of events after the crime occurred verifies that he acted only in self defense and that he was apprehensive of imminent danger to himself before the crime.

▬ Whether or not to admit certain evidence is within the discretion of the trial court. The trial court is afforded wide latitude in ruling on the relevancy of evidence. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 88, *reh. denied* (1985), U.S. *cert. denied* (1986), —— U.S. ——, 106 S.Ct. 1241, 89 L.Ed.2d 349. In the present case the trial court found that the evidence Appellant sought to introduce was not necessary

to complete the story. We agree. Appellant attempts to bolster his theory of self defense by referring to the events after the crime. These alleged events would have occurred in a separate building, after the disturbance had ended. They were not relevant to show Appellant's state of mind prior to the crime. Furthermore, the evidence clearly shows that Appellant was the instigator of this battery; thus self defense is not available to him. Ind. Code § 35–41–3–2(d) (Burns 1985). We find no error in refusing to admit the affidavits.

### III

Appellant maintains the evidence was insufficient to support the jury's finding of serious bodily injury.

Where sufficiency of the evidence is challenged on review, we will neither weigh the evidence nor judge the credibility of the witnesses; rather, we will look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Our statute defines "serious bodily injury" as:

> "... bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

Ind.Code § 35–41–1–25 (Burns 1985).

There was substantial evidence in the present case that Appellant's battery caused the victim a large laceration which bled and required seventeen (17) stitches, extreme pain, unconsciousness, disfigurement, and a black eye. This evidence was elicited not only from the victim, but from other officers as well, and was supported by a photograph. This evidence amply supports the jury's verdict.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD, and DICKSON, JJ., concur.