Eric BYERS, Sr., Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8612–CR–1065.

Supreme Court of Indiana.

April 5, 1988.

Nathaniel Ruff, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony. He received a sentence of fourteen (14) years to run consecutively to a sentence he had received previously and for which he was on probation at the time of the commission of the crime in question.

The facts are: On March 1, 1986, Joseph Ware and his wife were in the process of moving from a house they had rented in Gary, Indiana. The curtains had been taken down and some of the belongings removed; Ware had, however, packed several items in garbage bags and left them in the house. He testified that the moving was completed one week following the burglary in question. He further testified that he had paid the rent to the day he finished moving.

On March 1, Salena Walden, who lived next door to the Wares, observed appellant remove an air conditioner from the window and enter the house. She called the Gary Police Department. Officer Troxel responded to the call and arrested appellant in the house. At the time of his arrest, appellant was carrying one of the garbage bags.

Ware was notified of the break-in, and when he arrived, he noticed the house in disarray and the piggy bank he owned opened on the floor with some of the contents spilled. He testified that he knew appellant, but he had not given him permission to enter the premises.

■ Appellant claims the trial court erred in giving Instruction No. 7 which was an instruction on the defense of voluntary intoxication. He concedes that trial counsel did not object to the giving of this instruction; he takes the position, however, that the giving of the instruction was fundamental error. He claims the instruction is in error in that it limits the defense of intoxication to those elements of crime set forth in Ind.Code § 35–41–3–5(b). However, the court made no such reference in the instruction and specifically stated that the defense of voluntary intoxication was available to negate the intent required both in burglary and the included offense of trespass. The court's instruction is a correct statement as to the defense of intoxication. There was no fundamental error in the giving of such instruction.

■ Appellant claims there is insufficient evidence to establish that he broke into a domicile or that he intended to commit theft. Appellant claims that since the evidence shows that the Wares were in the process of moving, the house could no longer be considered a place of human habitation and that it was merely a building in which Ware's goods were stored. He states that Ware's testimony would indicate that neither he nor his wife intended to sleep in the residence on the night of the break-in nor was there any evidence that they intended to stay there for the week remaining on their lease. The fact remains that the Wares had maintained their home

at that address, that they still had the right to sleep in the house, and that a portion of their goods was still there.

The legislature obviously provides an increased penalty for burglarizing a place of human habitation because of the potential danger to the probable occupants of the building. In the case at bar, although the Wares did not stay in the building on the night of the break-in, they obviously intended to retain their right of dominion and it was clear from the evidence that they intended to return to the premises. Although we find no case directly on point in Indiana on the subject of moving and its effect on the definition of dwelling or place of human habitation, the State has favored us with a brief citing similar cases from other jurisdictions. We agree that cases from the State of Kentucky are well reasoned and justify the position that even though occupants of a house are in the process of moving therefrom, reason dictates that it nevertheless be considered to be a dwelling or place of human habitation. *See Starns v. Commonwealth* (Ky.1980), 597 S.W.2d 614 and *Thomas v. Commonwealth* (1912), 150 Ky. 374, 150 S.W. 376.

The State candidly cites us to jurisdictions where, under similar circumstances, the structure has been held to not be a dwelling. *See Haynes v. State* (1937), 180 Miss. 291, 177 So. 360; *Henderson v. State* (1920), 80 Fla. 491, 86 So. 439; *Smith v. State* (1920), 80 Fla. 315, 85 So. 911. We acknowledge the existence of these cases but adopt the reasoning of the Kentucky cases, taking the position that those cases better carry out the intent of the legislature in protecting the lives and property of the persons moving from the premises.

■ Appellant claims there is insufficient evidence that he intended to commit theft while entering the premises. He bases this on the proposition that the arresting officer did not take note of the items contained in the garbage bag which appellant was carrying at the time of his arrest in the home. The evidence that Ware had placed some of their belongings in the garbage bags and that a piggy bank had been opened was sufficient evidence from which

the jury could conclude that appellant intended to commit a theft at the time he entered the house.

The evidence in this case is sufficient to support the verdict of the jury. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.