**Lewis R. GEE, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–8708–CR–794.

Supreme Court of Indiana.

Aug. 12, 1988.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Lewis R. Gee waived trial by jury and trial to the court resulted in his conviction for Burglary, for which he received a term of twenty (20) years, and Theft, for which he received a term of two (2) years, said terms to be served concurrently. Further, the trial judge found he was not an habitual criminal.

Two issues are presented for our review in this direct appeal:

1. trial court error in overruling Gee's Motion to Dismiss pursuant to Indiana R.Crim.P. 4(B)(1); and

2. sufficiency of the evidence.

Evidence shows the victims, Victor and Suzanne Danielson, returned to their home at 11:00 a.m., and found a red pickup truck in their drive and Gee, with another subject, inside their home. Some of the victims' property was in the bed of the truck. Danielson placed his car behind the truck so it could not leave the scene. The police arrived and arrested Gee and his accomplice.

I

 Gee claims the trial court erred in allowing him to be tried ninety-three (93) days after the filing of his Motion for Speedy Trial. Facts determinative of this issue are complicated by the fact that when Gee was placed on bond for the instant cause, he was transferred to the State of Alaska on an outstanding warrant. Fur-

ther, Gee changed lawyers several times and filed motions *pro se* additional to pleadings filed by his attorneys.

After posting bond on August 5, 1985, in the instant case, Gee was taken to Alaska on the outstanding fugitive warrant. A warrant in this cause was issued after he failed to appear at a pretrial conference held on January 8, 1986. On May 30, 1986, while he was being held in Alaska for trial there, Gee filed a Motion for Discharge Pursuant to Criminal Rule 4(A), which the trial court denied in July, 1986. It appears either Gee or his attorneys filed motions in regard to speedy trial and Gee does not deny asking for continuances, changing lawyers, and his inability to return because of proceedings in Alaska, caused him to lose that remedy.

After being returned to Indiana, Gee appeared in court on December 3, 1986, at which time trial by jury was set for March 19, 1987, and the parties agreed to this trial date. On December 16, 1986, Gee filed his *pro se* motion for a speedy trial pursuant to Ind.R.Crim.P. 4(B), where he directed the court's attention to the fact the trial date of March 19, 1987 exceeded the seventy day period, and he objected to that setting. On December 17, 1986, the trial court granted his motion and reset the trial for February 19, 1987. At a pretrial conference held on February 11, 1987, the trial court found that due to a congested calendar it would not be possible to try this cause on February 19. The court continued it to March 19, 1987, the original setting. Gee orally objected to this. The record contains only this objection with regard to the continuance.

On March 11, 1987, final pretrial was had and Gee, in writing, waived trial by jury and trial to the court was directed for the March 19 setting. Gee did not object at that time to the setting. Prior to trial on March 19, 1987, Gee again moved for discharge but based this objection on his previous motion filed pursuant to Ind.R. Crim.P. 4(A). Gee concedes he is not entitled to discharge on his 4(A) motion.

However, Gee contends that pursuant to his 4(B)(1) motion he was entitled to be tried on or before February 24, 1987 and his actual trial date exceeded that limitation by twenty-three (23) days. He concedes a trial court may, on its own motion pursuant to Ind.R.Crim.P. 4(B)(1), continue a trial date due to a congested court calendar. This court has so held in *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 890, *Jordan v. State* (1982), Ind., 435 N.E.2d 257, 258, and *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, 1265, *cert. den.* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. He claims, however, the court's docket entry must clearly state a trial was continued because another criminal jury trial caused the congestion, and that it cannot be assumed the court acted according to the mandates of Ind.R.Crim.P. 4. Gee refers only to the trial court's record entry and does not challenge the congestion of the calendar, nor did he make that objection at the proper time. Even at this time he does not claim the trial court was wrong in its assessment the calendar was congested. His only claim is he was entitled to be tried in seventy (70) days and an extension of twenty-three (23) days over that period was unreasonable. The record shows the trial court was very accommodating to the parties and very diligent and judicious in keeping this cause and all others moving in an orderly fashion. We cannot say the trial court abused its discretion by extending the trial date in view of all the facts and circumstances of this case. Gee was not prejudiced and therefore we find no reversible error.

## II

■ Gee claims there was insufficient evidence of probative value to support the trial court's guilty finding. He specifically challenges the intent element of burglary and theft. The standard of review in sufficiency claims is well established. We do not reweigh the evidence nor judge the credibility of the witnesses. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672.

At trial Gee stated he thought the co-defendant was merely moving things for a friend and he had no knowledge a burglary and theft were being committed. He said he did not help break the front door open, and therefore did not realize the door was broken to gain entry and he impermissibly removed the property. Intent to commit a felony, like the other elements of burglary and theft, is a matter to be resolved by the trier of fact. It can be inferred from the manner in which the acts are committed. *Coble v. State* (1985), Ind., 476 N.E.2d 102, 107. The facts show the door of the home was broken to gain entry, the interior of the home was partially ransacked, and Gee and his accomplice fled from the scene when the police arrived. Flight from the scene of a crime may be considered circumstantial evidence of guilt. *Jones v. State* (1985), Ind., 485 N.E.2d 627, 628. Clearly there was ample probative evidence before the court to justify a finding of guilty of both burglary and theft beyond a reasonable doubt.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.