Donnel YAWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–8712–CR–1121.

Supreme Court of Indiana.

June 15, 1989.

Paul James Newman, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony, for which he received a sentence of fifteen (15) years.

The facts are: On January 21, 1987 at approximately 5:00 a.m., Catherine Smith was awakened by her dog barking. She saw a person looking into the house across the street. Later, she observed that a light was on in the living room and a person was moving about inside. She called the police.

Corporal William Schmidt of the South Bend Police Department was dispatched to the house. When he arrived at the scene, he found tracks in fresh snow around the house and noticed that a person was inside. He called for assistance and was joined by Sergeant Paul Bradfield of the South Bend Police Department.

Schmidt took a position in the back yard while Bradfield went to the front of the house. As he was checking the front door, he saw someone in the living room looking out of the window. He later identified this person as appellant. The man inside the house then ran to the rear of the home and exited through an open window. Corporal Schmidt immediately pursued the man and was joined in the chase by Sergeant Bradfield.

Corporal Brian Smith of the South Bend Police Department arrived at this time, joined in the chase, and captured appellant. After appellant's capture, the officers entered the house and found it in disarray with furniture overturned and personal belongings scattered about. A package of frozen chicken parts and some beer were found on a bed near the open window.

Walter Wagner lived in the house in question with his fiancee Karen McClure. He rented the house, and the lease expired in January of 1987. He was in the process of moving out at the time of the break-in. He had taken Miss McClure to Stilesville, Indiana where they were going to live, and her clothing had been removed from the home. However, Wagner's furniture and other belongings were still in the house.

█ Appellant claims the trial court erred in refusing his Instructions Nos. 7

and 8. Appellant's Instruction No. 7 purported to instruct the jury on a lesser-included offense of Burglary, a Class C felony. To support this tendered instruction, appellant claims that the building he entered was not a dwelling place, the reason being that Wagner and McClure were in the process of moving out. This question has been decided against appellant in the case of *Byers v. State* (1988), Ind., 521 N.E.2d 318. The fact that Wagner and McClure still had the right to occupy the residence and in fact personal items were still in the house clearly brings this case within the *Byers* ruling. The trial court did not err in refusing to give appellant's Tendered Instruction No. 7.

Appellant's Tendered Instruction No. 8 would have instructed the jury that he could be found guilty of the lesser-included offense of trespass, a Class D felony. However, here again the precise question has been decided contrary to appellant's position. *Walker v. State* (1983), Ind., 445 N.E.2d 571.

In the case at bar, the State had charged appellant with burglarizing a dwelling place, thus clearly stating a Class B felony. There was nothing in the charge or in the evidence presented which would justify the giving of instructions on lesser-included offenses. *Id.; Dorsey v. State* (1986), Ind., 490 N.E.2d 260.

Appellant also contends there is a failure of proof that he intended to commit a theft at the time he entered the building. There is ample evidence in this record showing the inside of the home was in disarray and that items had been moved to a bed near the window through which appellant had gained access to the home. This evidence is sufficient to support the finding of the jury of appellant's intent to commit theft. *Vacendak v. State* (1982), Ind., 431 N.E.2d 100; *Coates v. State* (1985), Ind.App., 487 N.E.2d 167.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.