Jerry W. CASH, Appellant,

v.

STATE of Indiana, Appellee.

No. 36S00–8710–CR–982.

Supreme Court of Indiana.

Aug. 8, 1990.

Rehearing Denied Oct. 10, 1990.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class B felony, for which he received a sentence of six (6) years enhanced by twenty (20) years by reason of his habitual offender status.

The facts are: On the night of January 23, 1986, Kevin Schlatterer was asleep in his home in Seymour, Indiana. He was awakened by the telephone but did not answer it assuming it was another of a series of prank calls. He went back to sleep, but a short time later he thought he heard noises coming from the kitchen. A few moments later he heard voices in the living room. He got out of bed, turned on his desk lamp and went into the living room where he saw two men, later identified as appellant and James Helton, standing over the television set and videocassette recorder.

Schlatterer asked them what they were doing. Appellant, who was known to Schlatterer, asked where his roommate, Clyde Hill, was and was told he was at work. As they conversed, all three moved toward the bedroom where the light was on. After a few minutes, appellant went out of the house with Helton.

Schlatterer then noticed the videocassette recorder had been turned sideways as if to access the hookups, one of which was disconnected. He telephoned his roommate Hill, who advised him not to call the police until he returned home from work. At the house, Hill observed the back door wide open, the videocassette recorder disconnected in part and turned, trash knocked over in the kitchen, and the storm door glass broken. Police were called and investigated. Police prepared separate photographic lineups from which Schlatterer identified appellant and James Helton.

Appellant first contends there was insufficient evidence to support his conviction of burglary as defined by Ind.Code § 35–43–2–1.

 He claims there is no proof of intent to commit a felony. Intent to commit a felony, like other elements of burglary, is a matter to be resolved by the trier of fact. It can be inferred from the manner in which acts are committed. *Gee v. State* (1988), Ind., 526 N.E.2d 1152. However, some fact in evidence must point to an intent to commit a specific felony. *Justice v. State* (1988), Ind., 530 N.E.2d 295. The evidence does not need to be insurmountable, but it must provide a solid basis to support a reasonable inference that the defendant intended to commit the underlying felony. *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270. This other evidence may be established by a showing that a defendant touched, disturbed, or even approached valuable property. *Justice, supra.*

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Butler v. State* (1989), Ind., 547 N.E.2d 270.

■■■ A conviction for burglary may be sustained by circumstantial evidence alone. *Johnson v. State* (1987), Ind., 512 N.E.2d 1090. It was reasonable to infer that the two men were in the process of removing the videocassette recorder when they were discovered by Schlatterer. Such evidence supports a reasonable inference that they intended to commit the underlying felony and therefore the burglary.

Appellant next contends that his constitutional rights were violated when he was convicted of Burglary, a Class B felony, a crime not charged.

■■■ Appellant was charged with Burglary, a Class B felony, through an information which reads in pertinent part as follows:

"That ... Jerry W. Cash and James Helton did then and there unlawfully and knowingly break and enter the building and structure occupied by Kevin Schlatterer and Clyde Hill, on South Chestnut Street ... with the intent to commit a felony therein, that felony being theft."

Appellant asserts that the term "dwelling" is the crucial term required to elevate the crime from a Class C felony to a Class B felony. Therefore appellant contends that he was convicted for a crime not charged.

The purpose of an information is to advise the defendant of the particular crime charged so that he can prepare a defense. *McGee v. State* (1986), Ind., 495 N.E.2d 537. Absence of detail in an information is fatal only if the phraseology misleads the defendant or fails to give him notice of the charges against him. *Id.*

Appellant was charged with Burglary, a Class B felony, under Ind.Code § 35–43–2–1. The term "dwelling" is defined under Ind.Code § 35–41–1–10 as "a

building, structure, or other enclosed space, permanent or temporary, movable or fixed, that it is a person's home or place of lodging." As we noted in *Byers v. State* (1988), Ind., 521 N.E.2d 318, the legislature provides an increased penalty for burglarizing a place of human habitation because of the potential danger to the probable occupants of the building.

In the present case, the information put appellant on sufficient notice of the human habitation element through the qualifier placed after "building and structure," that being "occupied by Kevin Schlatterer and Clyde Hill, on South Chestnut Street." The language in the information sufficiently indicates the presence of persons in the building and the street name gives the indication of the residential character of the structure. We cannot say the information did not charge appellant sufficiently with Burglary as a Class B felony.

Appellant contends the State improperly charged him as a habitual offender after he declined to accept a plea agreement on the burglary charge.

■■■ We first note that the alleged plea agreement is not contained in the record, and he cites nothing in the record which establishes that the State used the habitual offender statute in the plea negotiations. This issue is deemed waived under Ind.R. App.P. 8.3(A)(7). However, even assuming for the sake of argument that this connection was established, this Court has previously held that:

"[T]he prosecutor's discretionary use of the habitual offender statute in plea negotiations does not violate due process. As part of plea negotiations, a prosecutor may offer to forego filing habitual offender charges against a defendant who is eligible to be so treated. If negotiations break down, the filing of the charge does not violate due process. Rather, 'the prosecutor's conduct was simply a justifiable exploitation of legitimate bargaining leverage.' *McMahan v. State* (1978), 269 Ind. 566, 382 N.E.2d 154. *Accord, Bordenkircher v. Hayes* (1978), 434 U.S. 357, 98 S.Ct. 663, 54

L.Ed.2d 604." *Marsillett v. State* (1986), Ind., 495 N.E.2d 699, 704.

In the instant case, the State produced evidence of two prior unrelated felonies against appellant. The State is not foreclosed from seeking sentence enhancement under the habitual offender statute because the allegation is not made at the time the original information or indictment alleging the underlying felony is filed. Rather, the State may file the habitual offender allegation as an amendment to the original charge. *State v. Hicks* (1983), Ind., 453 N.E.2d 1014. As this Court stated in *Dixon v. State* (1988), Ind., 524 N.E.2d 2:

"[A]n habitual offender count does not allege a separate crime or change the theory of the case and is therefore a permissible amendment to the information after arraignment and plea on the principal offense so long as the defendant has adequate time to prepare a defense." (Citations omitted.) *Id.* at 5.

The record reveals that the State filed the habitual offender count on January 15, 1987 and the trial began on June 9, 1987. We cannot say that appellant's substantial rights were harmed nor did he have inadequate time to prepare his defense. We find no error.

Appellant finally contends that the trial court erred in its sentencing determination as applied to him. The trial court originally sentenced appellant to the presumptive term for Class B Burglary of ten (10) years enhanced by eight (8) years for habitual offender status. The State filed a motion to correct erroneous sentence alleging that the trial court exceeded its sentencing discretion in imposing a term of years less than that authorized by the habitual offender statute. Eventually, the State's motion was granted, and appellant was sentenced by the trial court to the minimum sentence for habitual offender status.

Appellant contends that his current sentence is excessive and disproportionate to the nature of the offense in violation of constitutional guarantees against cruel and unusual punishment.

He points out that the trial judge stated that he thought the sentence he was required to impose was too severe. Thus the application of the statute to appellant was excessive and disproportionate to the nature of the offense. This Court considers such claims under a standard outlined in *Mills v. State* (1987), Ind., 512 N.E.2d 846 and *Taylor v. State* (1987), Ind., 511 N.E.2d 1036. Our review of this record persuades us that appellant's penalty is not constitutionally disproportionate under these cases.

One of appellant's two prior unrelated felony convictions was a Class D felony offense under Ind.Code § 35–48–4–7. Indiana Code § 35–50–2–8(e) provides in pertinent part that:

"[I]f at least one (1) of the offenses relied upon to establish that the person has accumulated two (2) prior unrelated felonies is a Class D felony, then the court may subtract up to ten (10) years from the additional fixed term of thirty (30) years."

It is discretionary with the trial court to mitigate the fixed term to twenty (20) years. The trial court gave the greatest amount of consideration to the nature of appellant's criminal history as allowed under the statute. Appellant was found guilty of a Class B felony and was sentenced to the minimum term allowable for a Class B felony under Ind.Code § 35–50–2–5 of six (6) years. He was found to be a habitual offender, and his sentence was enhanced by the minimum term allowable under Ind.Code § 35–50–2–8. We find no error in the trial court's sentencing of appellant.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs and dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, concurring and dissenting.

The breaking and entry of a "structure of another person" is Class C felony bur-

glary. I.C. 35–43–2–1. The breaking and entry of a "structure...that is a...home or place of lodging" is the greater Class B felony burglary. I.C. 35–43–2–1; I.C. 35–41–1–10. This pleader alleged the breaking and entry of a "building and structure occupied by Kevin Schlatterer and Clyde Hill, on South Chestnut Street." In so doing, the pleader failed to communicate the core idea, through the two modifiers, joint occupation and street location, that the structure entered was a "home or place of lodging." Because that essential idea and element, which serves solely to distinguish the Class C from the Class B offense, was totally omitted from the pleading and is in no manner communicated, not even partially or ineptly, the pleading clearly fails to "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished[.]" *United States v. Carll*, 105 U.S. 611, 612, 11 S.Ct. 712, 713, 26 L.Ed. 1135, 1135 (1881); *Adams v. State* (1951), 230 Ind. 53, 101 N.E.2d 424. This Class B felony conviction should be reduced to the crime charged, namely Class C felony burglary, and a new, consistent sentence imposed. No amount of evidence can cure such a defective pleading. *Goldstine v. State* (1952), 230 Ind. 343, 103 N.E.2d 438.

DICKSON, J., concurs.