Donald K. BROWN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–9106–CR–175.

Court of Appeals of Indiana,
First District.

Oct. 30, 1991.

Dennis A. Vowels, Evansville, for appel-
lant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Donald K. Brown appeals his conviction of burglary and the determination that he is an habitual offender.

We affirm.

Brown raises three issues in this appeal: (1) whether there is sufficient evidence to sustain the jury's determination that Brown burglarized a dwelling as charged in the information; (2) whether the trial court erred in refusing to instruct the jury on burglary as a class C felony; and, (3) whether the sentence imposed is manifestly unreasonable.

## I.

In its information, the State alleged that Brown did break and enter the dwelling of Ronald Pierson. There is no question that the structure in which Brown was found had been Pierson's dwelling prior to the date of the alleged offense; however, it is Brown's contention that the structure was not Pierson's dwelling on the day in question.

■ Indiana Code 35–41–1–10 defines the term "dwelling" as "a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." In Indiana, a structure may be a dwelling even though the occupant is in the process of moving out, *Byers v. State* (1988), Ind., 521 N.E.2d 318, 319, if the occupant still has a right to occupy the house and personal items still remain. *Yawn v. State* (1989), Ind., 539 N.E.2d 473, 474. The term "dwelling" has been legislatively enlarged to afford protection to interests in the sanctity and security of habitation which, once established, do not necessarily fail because of the lack of use for purposes of sleep, *Burwell v. State* (1988), Ind.App., 517 N.E.2d 812, 814, *trans. denied,* or because the occupant of the premises is not home at the time of the burglary. *Ferrell v. State* (1991), Ind., 565 N.E.2d 1070, 1072.

■ The record shows that during the three months preceding the burglary two persons, Ronald Pierson and his girlfriend, Melanie Minton, had been residing at 423 Washington Street in Evansville. Both persons testified that on the date of the burglary they lived at 423 Washington as alleged in the State's information. The testimony of these witnesses also established that on the day in question they were in the process of moving to separate residences, that some thirty to forty minutes before Brown was found in the residence at 423 Washington by Pierson and Minton, the couple had taken a load of furniture including beds and couches to Minton's new residence and that Minton's dresser, a couple of vacuum cleaners and some food remained at 423 Washington. The utilities were still connected and Pierson had keys to the doors. Pierson had moved his belongings to his parents' residence, which was nearby, and had gone to his parents' home for some aspirin when he and Minton noticed that the lights in their apartment were on. Pierson and Minton observed Brown through the window eating a sandwich, opening a box of cereal and rummaging through the kitchen cabinets.

Brown delineates some twelve indicia of a dwelling which the record does not show. What is critical however is what the record does show. The jury could infer from the fact that Pierson and Minton still retained access to the house, that the utilities were still functioning, and that they had not yet removed all of their personal belongings or food, that they intended to return to the premises and exercise dominion over it. Nothing more is required under Indiana's present statute. *Cf. Yawn,* 539 N.E.2d 473 and *Byers,* 521 N.E.2d 318.

## II.

Brown next contends that the jury should have been instructed on class C felony burglary because it was a lesser

included offense of the crime charged.[1]

In determining whether it was error to refuse an instruction on a lesser included offense, we engage in a two-part inquiry. First, we must consider whether the lesser offense is inherently or factually included in the language of the statute and the document charging the greater offense. *Whipple v. State* (1988), Ind., 523 N.E.2d 1363, 1372. Burglary as a class C felony is an inherently included lesser offense of burglary as a class B felony. *Harkins v. State* (1981), Ind.App., 415 N.E.2d 139, 141.

Having satisfied the first prong of the inquiry, we next consider whether the evidence warrants an instruction on the lesser included offense. Generally, that determination hinges upon whether a serious evidentiary dispute exists with respect to the element which distinguishes the greater offense from the lesser. *Whipple*, 523 N.E.2d at 1372. The analysis does not focus upon an evaluation of the relative merits of the State's proof but rather upon the existence of any probative evidence or reasonable inferences which could be drawn therefrom putting into conflict the distinguishing factor between the two crimes. *See Decker v. State* (1988), Ind., 528 N.E.2d 1119; *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098, 1111, n. 26.

All of the State's proof tended to show that the structure located at 423 Washington was also a dwelling: Pierson and Minton had used the structure for about three months as their mutual dwelling; they slept there the evening before the burglary and kept their food and personal belongings there; they exercised control over the premises as if it was their dwelling and had not completely abandoned the premises at the time of the burglary. Brown himself did not offer any evidence, in contravention of the State's proof, which would support the conclusion that the structure was something other than a dwelling. Consequently, we are unable to identify a serious factual dispute upon the distinguishing element between a class C and class B felony, and must conclude that the evidence did not warrant Brown's tendered, lesser included offense instruction. *Cf. Yawn*, 539 N.E.2d 473. The trial court did not err in refusing to give the instruction.

### III.

Brown's last allegation of error concerns the trial court's imposition of an aggregate fifty-year sentence for class B felony burglary and the habitual offender adjudication. Brown acknowledges that the sentence imposed could be deemed appropriate considering the character of the offender: Brown has an extensive criminal record. Without citation to authority, additional argument, or a transcript of the sentencing hearing, Brown argues simply that the sentence imposed is disproportionate to the nature of the offense.

We observe that the sentence imposed is within the bounds prescribed by the legislature. Such a sentence has not been found to be manifestly unreasonable. *Dorton v. State* (1981), Ind., 419 N.E.2d 1289. Moreover, in addition to Brown's criminal history, the trial court cited the statutory consideration that a lesser sentence would depreciate the seriousness of the offense. The record shows that Brown, having committed numerous property-related offenses in the past, fails to appreciate the seriousness of the breaking and entering into another person's dwelling. This factor is thus one which takes into account the nature of the offense and, when considered with Brown's criminal character, justifies the maximum sentence contemplated by the legislature.

Judgment affirmed.

BAKER and SULLIVAN, JJ., concur.

---

1. Brown also incidentally argues that, by failing to give his instruction on class C burglary, the trial court violated his right to have the jury determine the law and the facts of the case, which is guaranteed by the Indiana Constitution, Art. 1, Section 19. Brown has failed to develop his argument on this issue further, and we are not inclined to do it for him. Accordingly, we deem his state constitutional issue waived pursuant to Ind.Appellate Rule 8.3(A)(7).