Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CORDELL G. GAGE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1103-CR-110 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1008-FC-187

**JANUARY 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Defendant-Appellant Cordell G. Gage appeals his conviction of burglary, a Class C felony, Ind. Code § 35-43-2-1 (1999), and the jury's determination that he is a habitual offender, Ind. Code § 35-50-2-8 (2005). He also appeals his sentence. We affirm.

## ISSUES

Gage raises two issues, which we restate as:

I.     Whether the trial court erred by rejecting Gage's requested jury instruction on criminal trespass as a lesser included offense of burglary.

II.    Whether Gage's sentence is inappropriate in light of the nature of the offense and the character of the offender.

## FACTS AND PROCEDURAL HISTORY

Brent Cannon's girlfriend lived next to a house owned by Dorothy Logan. Logan had moved into an apartment and had not lived in the house for approximately a year prior to the events of this case. Cannon checked on Logan's house two or three times a week. On the morning of August 16, 2010, Cannon was at his girlfriend's residence. As he was taking out the trash, Cannon heard noises coming from Logan's house. Cannon walked around to the other side of Logan's house, where he continued to hear noises coming from the house and saw that one of the house's windows had been broken. The window had not been broken the last time Cannon checked the house. Cannon called the police.

The police arrived three to four minutes later. The officers heard a loud banging coming from Logan's house and established a perimeter. All of the doors were locked. Next, an officer arrived with a police dog. The officer knocked on the front door,

2

identified himself as a police officer, and shouted that anyone inside should come out or they would send in the dog. A person later identified as Gage subsequently surrendered. The officers entered the house and discovered that Gage had torn open several walls to remove copper pipes. He had also knocked over and broken a toilet.

The State charged Gage with burglary and alleged that he was a habitual offender. At trial, Gage requested a jury instruction on the offense of criminal trespass as a lesser included offense of burglary. The trial court denied Gage's request. The jury determined that Gage was guilty of burglary and was a habitual offender. Subsequently, the trial court sentenced Gage to six years on the burglary conviction, enhanced by twelve years due to the habitual offender determination, for a total sentence of eighteen years. This appeal followed.

DISCUSSION AND DECISION

I. PROPOSED JURY INSTRUCTION

In deciding whether to give a requested instruction on a lesser included offense, the trial court is required to determine whether the offense is either inherently or factually included in the charged offense. *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004). If an offense is inherently or factually included in the charged offense, then the trial court must next determine whether there is a serious evidentiary dispute regarding any element that distinguishes the greater offense from the lesser offense. *Id.* If the final step is reached and answered affirmatively, then the requested instruction for a lesser included offense should be given. *Culver v. State*, 727 N.E.2d 1062, 1070 (Ind. 2000).

3

In this case, the trial court determined that the offense of criminal trespass is not inherently or factually included in the offense of burglary. In addition, the trial court ruled that there was no serious evidentiary dispute regarding any element that distinguishes burglary from criminal trespass.

To determine whether a lesser included offense is inherently included in a charged crime, a court compares the relevant statutes. *Hauk v. State*, 729 N.E.2d 994, 998 (Ind. 2000). The requested lesser included offense is inherently included in the charged crime if (a) the parties could establish commission of the claimed lesser included offense by proof of the same material elements or less than all of the material elements of the charged crime, or (b) the only feature distinguishing the claimed lesser included offense from the charged crime is that a lesser culpability is required to establish commission of the lesser included offense. *Id.*

Turning to the elements of the offenses at issue in this case, a defendant commits the crime of burglary as a Class C felony when he or she (1) breaks and enters into (2) the building or structure (3) of another person (4) with the intent to commit a felony in it. Ind. Code § 35-43-2-1. By contrast, according to the statutory definition of criminal trespass most relevant to this case, a person commits criminal trespass when he or she (1) knowingly or intentionally (2) enters the dwelling of another person (3) without the person's consent (4) while lacking a contractual interest in the property. Ind. Code § 35-43-2-2(a)(5) (2009). The offense of criminal trespass requires proof that the defendant lacked a contractual interest in the property, but Class C felony burglary does not. Furthermore, criminal trespass requires proof that a person entered a "dwelling," while

4

Class C felony burglary requires proof of entry of a "building or structure." Thus, one cannot establish the commission of criminal trespass by proof of the material elements, or less than all of the material elements, of Class C felony burglary. In addition, due to differences in the material elements of the offenses, we cannot conclude that the only feature distinguishing criminal trespass from burglary is the level of culpability. We conclude that criminal trespass is not inherently included in the offense of burglary.

Next, we must consider whether criminal trespass is factually included in the offense of burglary. An offense is factually included in the crime charged when the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense. *Wright v. State*, 658 N.E.2d 563, 567 (Ind. 1995).

In the current case, the charging information states, in relevant part, that Gage "did knowingly or intentionally break and enter the building or structure of another person, to wit: Dorothy Logan; with the intent to commit a felony therein, to wit: theft." Appellant's App. p. 7. Comparing the information with the elements of criminal trespass, the information does not allege that the property in question was a dwelling, but rather simply states that Gage entered a "building or structure." *Id.* The facts, as stated in the charging instrument, do not include all of the elements of criminal trespass. *Cf. J.M. v. State*, 727 N.E.2d 703, 705 (Ind. 2000) (determining that the offense of criminal trespass was a lesser included offense of Class B felony burglary where the charging information alleged that the defendant entered the victim's "residence"). Thus, the offense of criminal trespass is not factually included in the charge of burglary as alleged in this case.

5

Gage cites *Byers v. State*, 521 N.E.2d 318 (Ind. 1988), to support his claim that criminal trespass is factually included in his charge of burglary, but that case is not controlling. In *Byers*, our Supreme Court was called upon to review the sufficiency of the evidence supporting a burglary conviction. By contrast, in the current case we are considering whether the trial court should have given a jury instruction on a lesser included offense. Furthermore, in *Byers* our Supreme Court determined that the house in question could be considered a dwelling because the victims retained "their right of dominion" and intended to return to the premises, even though they were in the process of moving out. *Id.* at 319. In the current case, Logan had moved out of the house over a year prior to Gage's crime. Although Logan checked on the house from time to time, the record fails to demonstrate that she intended to live in it again.

We have determined that the offense of criminal trespass is not inherently or factually included in the burglary charge. Consequently, the trial court did not err by rejecting Gage's requested jury instruction. *See Wright*, 658 N.E.2d at 567 ("If the alleged lesser included offense is neither inherently nor factually included in the crime charged, then the trial court should not give a requested instruction on the alleged lesser included offense.").

## II. APPROPRIATENESS OF SENTENCE

Gage's sentencing challenge is governed by Indiana Appellate Rule 7(B), which provides, in relevant part, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." To

assess the appropriateness of the sentence, we look first to the statutory range established for the class of the offense.

Here, the advisory sentence for burglary as a Class C felony is four years, the shortest sentence is two years, and the longest sentence is eight years. Ind. Code § 35-50-2-6 (2005). Furthermore, for a defendant found to be a habitual offender, the trial court may enhance the defendant's sentence by a number of years that is no more than three times the advisory sentence for the underlying offense. Ind. Code § 35-50-2-8(h). Gage received a sentence of six years, plus a twelve-year enhancement due to his habitual offender determination.

Next, we look to the nature of the offense and the character of the offender. The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *See Treadway v. State*, 924 N.E.2d 621, 642 (Ind. 2010) (noting that the defendant's crimes were "horrific and brutal"). The character of the offender is found in what we learn of the offender's life and conduct. *See Lindsey v. State*, 916 N.E.2d 230, 241-42 (Ind. Ct. App. 2009) (reviewing the defendant's criminal history, probation violations, and history of misconduct while incarcerated), *trans. denied*. In making this determination, we may look to any factors appearing in the record. *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010). Furthermore, we give due consideration to the trial court's decision and its more direct knowledge of the offense and the offender. *See Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009) (stating, "As in all sentencing, . . . we give considerable deference to the ruling of the trial court"). A defendant must persuade the appellate court that the sentence of the trial court meets

the inappropriateness standard of review. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Our review here of the nature of the burglary shows that Gage broke into a house and tore open the walls to extract copper pipes. He also knocked over and broke a toilet. Thus, Gage inflicted extensive damage upon Logan's building, which demonstrates a selfish attitude and complete disregard for others' property.

Our review here of the character of the offender shows that Gage, who was fifty-five years old at the time of his trial, has an extensive criminal record. As an adult, he has accrued three misdemeanor convictions and six felony convictions. His felony convictions include several convictions of theft and robbery. Furthermore, Gage has twice violated the terms of his parole and has twice violated the terms of his probation. Gage's criminal history and failure to respond positively to probation and parole demonstrate that he is unwilling to conform to the law and lead a law-abiding life. Given the nature of Gage's crime and his criminal history, he has failed to persuade us that his enhanced sentence is inappropriate.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

KIRSCH, J., and BARNES, J., concur.

8