**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LAWRENCE KELSHAW,  )
    )
    Appellant-Defendant,  )
    )
        vs.  )    No. 49A02-1406-CR-387
    )
STATE OF INDIANA,  )
    )
    Appellee-Plaintiff.  )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-1212-FB-81322

**December 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Lawrence Kelshaw appeals his conviction for class B felony burglary following a jury trial. The sole issue presented for our review is whether the State presented sufficient evidence to sustain his conviction. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

The facts most favorable to the verdict indicate that, on the night of December 1, 2012, Debbie Durbin was asleep in the bedroom of her home when she was awakened by knocking at her front door. Durbin got out of bed and looked out her bedroom window but did not see anyone. Durbin started to go back to bed when she heard knocking again, followed by a loud bang that indicated to her that someone had broken open her door and was inside the house. Durbin grabbed a gun, some bullets, and her cell phone, and hid in her closet. While in the closet, Durbin called 911. As she was hiding and speaking on the phone with authorities, Durbin could hear someone moving around her house and talking. When the police arrived, Durbin heard a "mad scramble right outside my bedroom door which [was] right where the front door exits the house. Like people were trying to get out the door." Tr. at 29.

Indianapolis Metropolitan Police Department Officers Greg Bowles and Brian Burnett arrived at Durbin's residence in response to her emergency call. Officer Bowles heard the front door of the residence bang and he observed Kelshaw exit the front door. Officer Bowles yelled, "Stop, Police," and shined his flashlight in Kelshaw's face. *Id.* at 47. Kelshaw looked at Officer Bowles for "about fifteen – to twenty seconds" before fleeing

across the street. *Id*. at 48. Multiple officers pursued Kelshaw and eventually apprehended him.

After Kelshaw was in custody, Officers Bowles and Burnett returned to Durbin's house to investigate. The officers walked around the house with Durbin so that she could determine if any of her property was missing. Durbin observed that her laptop computer, which had been on the table in her kitchen when she went to bed, was no longer there but that the speakers that had been attached to the computer remained on the table. Durbin then noticed that the laptop had been moved and placed into a bag that was sitting on the floor next to her table.

The State charged Kelshaw with class B felony burglary and class A misdemeanor resisting law enforcement. Following a trial, the jury found Kelshaw guilty as charged. This appeal ensued.

## Discussion and Decision

Kelshaw challenges the sufficiency of the evidence to support his burglary conviction.[1] When reviewing a challenge to the sufficiency of the evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict, and will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. (citation omitted). It is not necessary for the evidence to overcome every reasonable hypothesis of innocence. *Id*. The

---

[1] Kelshaw does not appeal his resisting law enforcement conviction.

3

evidence will be deemed sufficient if an inference may reasonably be drawn from it to support the conviction. *Id*.

Indiana Code Section 35-43-2-1 provides that "[a] person who breaks and enters the building or structure of another person, with the intent to commit a felony in it, commits burglary."[2] Burglary is a class B felony if the building or structure is a "dwelling," which includes "a person's home or place of lodging." Ind. Code §§ 35-43-2-1, 35-31.5-2-107. The State charged Kelshaw with breaking and entering Durbin's home with the intent to commit a felony therein, that is, theft, which is the knowing or intentional exertion of "unauthorized control over property of another person, with intent to deprive the person of any part of its value or use." Ind. Code § 35-43-4-2.

Kelshaw's sole assertion on appeal is that the evidence was not sufficient to prove that he intended to commit theft when he broke and entered Durbin's home. A burglar's intent to commit a specific felony at the time of breaking and entering may be inferred from the circumstances. *Oster v. State*, 992 N.E.2d 871, 875 (Ind. Ct. App. 2013), *trans. denied.* "Evidence of intent need not be insurmountable, but there must be a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony." *Id.* (citations and quotation marks omitted). Such evidence

---

[2] This section has since been amended, effective July 1, 2014, and now reads, "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it, commits burglary…."

includes a showing that a defendant "touched, disturbed, or even approached valuable property." *Cash v. State*, 557 N.E.2d 1023, 1024 (Ind. 1990).[3]

Here, Durbin testified that on the night Kelshaw broke into her home, her laptop computer had been on her kitchen table when she went to bed. After the break-in, Durbin discovered that her laptop computer had been unhooked from its speakers and placed in a bag on the floor. The jury could reasonably infer from this evidence that Kelshaw touched and disturbed the laptop with the specific intent to exercise unauthorized control over the laptop and to deprive Durbin of its value and use. The evidence supports a reasonable inference that Kelshaw intended to commit theft when he broke and entered Durbin's home. His class B felony burglary conviction is affirmed.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

[3] Our supreme court has clarified that evidence of intent does not require evidence that the property approached or disturbed by the defendant was "valuable" because "the crime of theft places no minimum threshold on the value of property necessary to constitute the felony." *Baker v. State*, 968 N.E.2d 227, 231 (Ind. 2012). Indeed, it is enough "that the defendant committed an act which could support an inference that he was searching for something to steal, no matter the value." *Id*.