**Michael JAMES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 783 S 250.**

Supreme Court of Indiana.

Jan. 2, 1985.

Richard L. Young, Hayes & Young, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Battery, a class B misdemeanor, Ind. Code § 35–42–2–1 (Burns 1979) and of Burglary, a class B felony, Ind. Code § 35–43–2–1 (Burns 1979). He was sentenced to consecutive terms of imprisonment of six (6) months and sixteen (16) years. This direct appeal presents two (2) issues for our review, as follows:

(1) Whether the trial court erred in denying Defendant's motion to suppress identification evidence, which motion was predicated upon his claim that a photographic display shown to the victim had been unduly suggestive;

(2) Whether the evidence is sufficient to sustain the Burglary conviction.

The record discloses that on October 5, 1982, K.C., a twenty-two year old woman, was living in Evansville, Indiana, with her mother and infant daughter. At approximately 10:00 p.m. that evening, she fell asleep while watching television in her home. Her mother was at work, and her daughter was asleep in the next room. Upon being awakened by a "boom" and sounds of someone trying to enter the locked back door of her home, she hid her baby in the corner of her bed and went to her mother's bedroom to call the police. She was using the telephone when a man identified as the Defendant came into the room, grabbed her by the shoulders and shoved her onto the bed. She begged him not to hurt her, and he told her that he just wanted "to love" her. He made her put her arms around him and repeated that he just wanted "to love" her. He tried to kiss her. When she cried, he told her to "shut up." She told the Defendant that she had a sick baby and wanted to go to her. He again knocked her onto the bed, but ultimately he told her that he would leave and that he wanted her to stay on the bed until he was gone. When she looked outside, she saw the Defendant running toward a yellow Chevrolet automobile and then saw the car speed away.

ISSUE I

Defendant argues that evidence identifying him as the perpetrator of the crime should have been suppressed because a photographic display, State's Exhibit Number 1, from which K.C. had chosen his picture, was impermissibly suggestive. Following a hearing on his motion to suppress such evidence, the motion was denied.

An array of six photographs had been shown to K.C. by Police Officer John Zirkelbach subsequent to the crime. Each photograph bore the words "Police Department, Evansville, Indiana," the date of the person's arrest, and a number. Defendant claims that such notations notified the victim that each of the persons pictured had an arrest record. Furthermore, he claims that the recent arrest date on his picture, i.e. November 26, 1982, when contrasted to the arrest dates on the other pictures, which ranged from 1973 to 1979, was unnecessarily suggestive. He relies upon language in *Emerson v. State*, (1972) 259 Ind. 399, 403, 287 N.E.2d 867, 870, as follows, "Several photographs, preferably not mugshot types, should be displayed to the victim" and upon language from *Whitt v. State*, (1977) 266 Ind. 211, 214, 361 N.E.2d 913, 916, as follows: "The exhibition of photographs bearing identifying markings to a witness could constitute an unnecessarily suggestive procedure if those markings allow the witness to eliminate all but one of the photographs." Defendant's reliance upon these cases is misplaced. In *Emerson*, police displayed only one photograph, that of the appellant, to the victim of the crime. Such a procedure was suggestive of the identity of the defendant. In *Whitt*, the court also stated that all of the witnesses had testified that they did not pay attention to the placard on each picture which contained the suspect's name, age, height, and weight; hence, the court could conclude that the "exhibition of the photographs with the placards was not so unnecessarily suggestive as to give rise to a substantial likelihood of irreparable mis-

identification." *Whitt v. State*, 266 Ind. at 215–216, 316 N.E.2d at 916.

■ In the case at bar, during the hearing on the motion to suppress, K.C. testified that at the challenged photographic display, the police officer placed six or seven pictures before her. The officer told her that she did not have to choose a picture from the group and that she should take her time. From the array, she chose Defendant's picture. She further stated that she "didn't pay any attention to" the words and numbers which appeared on the pictures, that she didn't realize that some of those numbers were dates, and that she assumed the subjects had been arrested, inasmuch as she was being shown their pictures.

The photographs which were shown to the victim are contained in the record; all depict white males of a similar age. Each suspect is shown in a front and side view, and, while there are words and numbers on the photographs, there is nothing peculiar about the Defendant's photograph which would suggest that his was the picture which should be selected.

"In determining whether a pre-trial identification was tainted, this Court looks to the totality of the circumstances to determine whether the confrontation was conducted in such a way that it created a substantial likelihood of irreparable misidentification." *Gillie v. State*, (1984) Ind., 465 N.E.2d 1380, 1385. The photographic display was not unduly suggestive.

### ISSUE II

■ Defendant challenges the sufficiency of the evidence with regard to his conviction for burglary, arguing that there is no evidence that he entered K.C.'s home with the intent to commit rape therein, as charged.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted). *Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

We agree with the Defendant that mere breaking and entering or an unexplained presence in the premises is insufficient to establish intent to commit a felony; however, the facts of this case, as recited above, provide sufficient evidence from which a jury could reasonably infer that Defendant entered the home with the intent to commit rape. Breaking into the home, attempting to kiss K.C., shoving her onto the bed, forcing her to place her arms around him, and telling her repeatedly that he just wanted "to love" her constitute a sequence of events from which it is reasonable to infer that Defendant intended to commit rape when he entered the home. Whether the intended felony is accomplished is immaterial with regard to a burglary conviction. *Quire v. State*, (1983) Ind., 449 N.E.2d 1083, 1084.

This case is readily distinguishable from *Smith v. State*, (1971) 256 Ind. 603, 271 N.E.2d 133, cited by the Defendant. Therein, this Court determined that the evidence was insufficient to support one count of a burglary conviction when the appellant had been charged with breaking and entering with the intent to commit rape. The evidence in *Smith*, however, disclosed only that a man broke into a woman's home, entered her bedroom, hit her twice, went into the living room, grabbed her purse and left. The Court noted that the appellant made no effort to molest the victim sexually and that his hitting her was consistent with entering with the intent to steal and being surprised by the victim who awoke and turned on the light.

■ Defendant further argues that the jury verdicts are inconsistent in that the jury did not find him guilty on the attempted rape charge, yet found him guilty of burglary, i.e. breaking and entering K.C.'s

home with the intent to commit a rape therein. We do not, however, require entirely consistent verdicts in situations in which one criminal transaction gives rise to criminal liability for separate and distinct offenses. *Douglas v. State*, (1982) Ind., 441 N.E.2d 957, 962. While the jury might have found the Defendant guilty of attempted rape from the evidence presented at trial, it was not required to do so.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.