**Jerry EVELER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45S00–8607–CR–661.

Supreme Court of Indiana.

June 9, 1988.

Scott King, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-appellant Jerry Eveler was convicted of rape, a class B felony; criminal deviate conduct, a class B felony; burglary, a class B felony; and found to be a habitual offender. This direct appeal presents the following issues:

1) whether the trial court erred in rejecting defendant's belated attempt to file a notice of intent to plead insanity as a defense;

2) whether sufficient evidence existed to support defendant's conviction for burglary; and

3) whether sufficient evidence existed to support the jury's habitual offender finding.

### Notice of Insanity Plea

On January 3, 1986, defendant filed a written notice of intent to plead insanity as a defense.[1] The trial court rejected the defense on the ground the defense was not timely filed and it did not appear to be in the interest of justice to allow a late filing. In his brief, defendant concedes any alleged error concerning the trial court's rejection of his notice of intent to plead insanity as a defense was not raised in his motion to correct errors, that the notice was untimely filed,[2] and that the record fails to reveal any showing of good cause for the late filing. Defendant's sole contention of error is that the trial court's denial of his notice of intent to plead insanity as a defense constitutes an abuse of discretion, and that such abuse of discretion rises to the level of fundamental error sufficient to deny fundamental due process, thereby allowing defendant to avoid waiver from having failed to include the alleged error in his motion to correct errors. The State, relying on the explicit text of the statute, argues no abuse of the trial court's discretion is shown because defendant made no showing of good cause for the late filing. The State also argues waiver by defendant for failing to include this issue in his motion to correct errors.

■ We agree that defendant has waived this issue for failing to include it in

---

1. The statute governing the filing of such claims provides:

   When the defendant in a criminal case intends to interpose the defense of insanity, he must file a notice of that intent with the trial court no later than:
   (1) Twenty [20] days if the defendant is charged with a felony; or
   (2) Ten [10] days if the defendant is charged only with one or more misdemeanors;
   before the omnibus date. However, in the interest of justice and upon a showing of good cause, the court may permit the filing to be made at any time before commencement of the trial.
   Ind.Code Ann. § 35–36–2–1 (Burns 1985 Repl.) [Previously codified at Ind.Code Ann. a 35–5–2–1 (Burns 1979 Repl.). That section provided:

   When the defendant in a criminal case intends to interpose the defense of insanity, he must file a notice of that intent with the trial court within thirty [30] days after entry of a plea of not guilty. However, in the interest of justice and upon a showing of good cause, the court may permit the filing to be made at any time before commencement of the trial.]

2. Defendant's initial hearing was held on July 10, 1985, his omnibus hearing held on September 5, 1985, his notice of intent to plead insanity as a defense filed January 3, 1986, and his trial held on January 6–7, 1986. Thus, the notice was untimely by a period in excess of four months and was filed only three days before trial.

his motion to correct errors. *Morris v. State* (1979), 270 Ind. 245, 384 N.E.2d 1022. Even were the issue not waived, the mandatory language of the statute required defendant to file his notice of intent to plead insanity as a defense twenty days before the omnibus date. After that date, the trial court's discretion controlled. Such discretion is exercisable upon a showing of good cause by a defendant who has missed the deadline. The interest of justice must be served by allowing the late filing. In his brief, defendant concedes the record reveals no showing of good cause for the late filing.

■ This Court has previously upheld the trial court's decision to reject a belated attempt to file a notice of intent to plead insanity as a defense. *See Dudley v. State* (1985), Ind., 480 N.E.2d 881; *Cornelius v. State* (1981), Ind., 425 N.E.2d 616. While the circumstances of the instant case differ from those of *Dudley* and *Cornelius* in that here the trial had not begun at the time the notice was filed, nor had defendant had several recent psychological examinations, the text of the statute is clear as applied to the circumstances of this case. Here, defendant failed to file his notice of intent to plead insanity as a defense within the time restraints imposed by Ind.Code § 35–36–2–1. When he attempted to file the belated notice, he made no showing of good cause as required by statute. We find no abuse of discretion by the trial court in denying the belated motion.

*Sufficiency of Burglary Evidence*

■ Defendant acknowledges that sufficient evidence was presented to prove that he broke and entered the victim's apartment, but contends there was inadequate proof that at the time of his entry he possessed the intent to either rape the victim or force her to perform deviate sexual conduct. In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defend-

ant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223. Although the fact of breaking and entering is not itself sufficient to prove entry with intent to commit a felony, such intent may be inferred from subsequent conduct of the defendant inside the premises. *James v. State* (1985), Ind., 472 N.E.2d 195. In the instant case, defendant committed the crimes of rape and deviate sexual conduct after breaking and entering the victim's apartment. This conduct is sufficient to support the inference that defendant intended to commit a felony when he broke and entered the victim's apartment.

*Sufficiency of Habitual Offender Evidence*

■ Defendant argues that insufficient evidence exists to support the jury's finding of his habitual offender status. Specifically, defendant claims the State failed to prove his identity as the perpetrator of one of the underlying felonies, a 1973 conviction and sentence for entering with intent to commit a felony.

The State charged defendant in the instant case as Jerry Eveler. As to the underlying felony in question, the State introduced the following evidence during the habitual offender phase of defendant's trial: 1) State's exhibit 14, containing a charging affidavit for burglary dated August 13, 1973, entitled State of Indiana v. Jerry Marshall Eveler a/k/a Jerry Franklin Phelps, which stated that on August 11, 1973, one Jerry Marshall Eveler a/k/a Jerry Franklin Phelps did break and enter the dwelling of another with intent to steal and carry away the goods of that other; and also containing certified copies of the Lake County Criminal Court docket sheets which reveal that on September 14, 1973, one Jerry Marshall Eveler a/k/a Jerry Franklin Phelps pled guilty to, and on September 17, 1973, was sentenced for the lesser included offense of entering with intent to commit a felony; 2) State's exhibit 15, a fingerprint exempler of the defendant taken by James Fedorchak, Lake County Police Department employee and fingerprint expert, on August 20, 1985, signed by defendant in

the name of Jerry M. Eveler; 3) State's exhibit 16, a fingerprint exempler from the files of the Lake County Police Department, dated August 14, 1973, bearing the name Jerr [sic] Marshall Eveler *alias* Jerry Franklin Phelps, signed Jerry Marshall Eveler, containing information concerning the date of arrest (August 14, 1973), the charge (Burglary I), defendant's height, weight, age, place of birth, current address, and other identifying characteristics; and 4) testimony by James Fedorchak that after comparing all ten of defendant's fingerprints in State's exhibit 16 with the ten fingerprints contained in State's exhibit 15, he (Fredorchak) "was able to determine they were made by one and the same person." This evidence was sufficient to establish defendant's identity as the perpetrator of the 1973 felony.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.