**George W. McBRIDE, Jr.,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 28A01–9201–CR–16.**

Court of Appeals of Indiana,
First District.

Aug. 20, 1992.

Brent Westerfeld, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant George McBride appeals his conviction for burglary of a dwelling, a Class B felony.[1] McBride claims the State failed to prove his intent to commit a felony was contemporaneous with his breaking and entering of the victim's home. He also challenges the trial court's refusal to give a tendered jury instruction.

We affirm.

## FACTS

On May 8, 1991, McBride watched 70 year old Thelma Workman mow her 25 acre yard. As McBride watched Mrs. Workman work outside, he repeatedly drove around the vicinity of Mrs. Workman's home. On at least two occasions, Mrs. Workman's neighbor, Pearl Rollins, watched McBride park his car in front of Rollins's house. On the first occasion, McBride got out of his car and walked back and forth to a nearby gas station and a nearby hotel four times. He spoke with one of the gas station attendants at least once. On the second occasion, McBride got out of the car, ran

across the highway onto Mrs. Workman's side of the road, and then returned to the car and drove away.

Eventually, when he saw Mrs. Workman working in a section of the lawn rather far from the house, McBride parked in front of the Workman home and lifted the hood of his car. He then walked into Mrs. Workman's garage, took a set of keys from Mrs. Workman's car, and used the house key to open the front door of the house. Once inside, he searched the bedroom and kitchen and removed $80 from Mrs. Workman's purse.

As he left the house, he met Mrs. Workman in the breezeway between the house and the garage. She asked who he was and what he wanted. McBride replied his name was Roger Smith and that he was having car trouble. He asked to use the telephone. Mrs. Workman acceded, and reached into her car for the keys. When she noticed they were missing, she asked McBride to go to the front of the house so she could retrieve her spare key without him learning where it was hidden. McBride went to the front of the house, slammed shut the car's hood, and sped away.

Suspicious, Mrs. Workman went inside, discovered the money was missing, and called the police. With help from the neighbor by whose house McBride had parked earlier, police found McBride sometime later. He had pulled onto the shoulder of the road, and was working underneath his car. Police arrested McBride and found he had Mrs. Workman's missing keys and $60 of the stolen $80. After waiving his rights, McBride admitted he took Mrs. Workman's keys and money.

McBride was charged with Class D felony theft,[2] as well as Class B felony burglary. He pled guilty to the theft charge and the burglary prosecution went to trial. At trial, McBride's theory was that he broke into the house to use the telephone and only later decided to steal the money. Both the nearby gas station and the nearby

---

**1.** IND.CODE 35–43–2–1.

**2.** IND.CODE 35–43–4–2.

hotel had telephones, and the hotel's telephone was available free of charge.

## DISCUSSION AND DECISION

### I

In his well-researched and written brief, McBride again maintains the evidence before the jury was insufficient to support a reasonable inference that he intended to commit theft when he broke into Mrs. Workman's home. He acknowledges that we will affirm if the jury's verdict is supported by substantial evidence of probative value, and that we neither reweigh the evidence nor judge witness credibility. *See Hurt v. State* (1990), 553 N.E.2d 1243.

■ Burglary in Indiana is defined and proscribed by IND.CODE 35–43–2–1, which states, in pertinent part:

A person who breaks and enters the building or structure of another person, *with intent to commit a felony in it*, commits burglary ... a Class B felony ... if the building or structure is a dwelling.

(Emphasis added.) Intent, like the other elements of burglary, is a question of fact. *Cash v. State* (1990), Ind., 557 N.E.2d 1023. Because intent is a mental state, the jury "must resort to reasonable inferences based upon examination of the surrounding circumstances to reasonably infer its existence." *Shields v. State* (1983), Ind.App., 456 N.E.2d 1033, 1039. The State must prove beyond a reasonable doubt that the defendant intended to commit a specific felony when he broke and entered. *Timmons v. State* (1986), Ind., 500 N.E.2d 1212. Although evidence of breaking and entering alone is insufficient to raise an inference of intent, surrounding circumstances may be used to prove intent. *Id.* The surrounding evidence "may be established by a showing that a defendant touched, disturbed, or even approached valuable property." *Cash, supra,* 557 N.E.2d at 1024. Finally, possession of stolen property will support an inference of intent to commit theft at the time of a

breaking and entering. *See Creasy v. State* (1988), Ind., 518 N.E.2d 785, 787.

■ Here, despite McBride's protestations, the evidence is overwhelmingly sufficient to support the inference of intent. He was seen in the vicinity on and off for a rather lengthy period of time prior to breaking and entering the home. At the time he took the keys and entered the home, his car, which he claimed was having trouble, was poised for, and in fact performed, a quick getaway despite the appearance of engine trouble the raised hood created. After having been in a hotel and a gas station within one-quarter mile of Mrs. Workman's home, both of which had telephones, and talking to a gas station attendant on at least one occasion, McBride entered a stranger's garage, removed keys from the stranger's car, and used them to enter the stranger's locked front door, all to use a telephone at a time when he knew the owner was well away from the house. Once inside, he searched a bedroom and examined Mrs. Workman's purse. When he was arrested, McBride had Mrs. Workman's keys and $60 of the stolen $80. It was well within the province of the jury to infer from this evidence McBride intended to commit theft when he entered Mrs. Workman's home.

### II

■ The trial court refused to give McBride's tendered jury instruction on criminal trespass[3] as a lesser included offense of burglary. A trial court is required to give a lesser included offense instruction only if

"all the statutory elements of the lesser offense are inherently part of the statutory definition of the greater offense, or the charging instrument reveals that the manner and means used to commit the essential elements of the charged crime include all the elements of the lesser crime. The second step requires that the evidence justify instructing the jury on the lesser crime."

*Rider v. State* (1991), Ind.App., 570 N.E.2d 1286, 1288, *trans. denied* (citing *Owens v.*

---

**3.** IND.CODE 35–43–2–2 provides "(a) A person who: * * * (5) not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without the person's consent commits criminal trespass, a Class A misdemeanor."

*State* (1989), Ind., 544 N.E.2d 1375, 1377) (emphasis in original). Neither alternative was met here.

■ First, our supreme court has repeatedly held criminal trespass is not an inherently lesser included offense of burglary. *See Owens v. State* (1989), Ind., 544 N.E.2d 1375; *Welch v. State* (1987), Ind., 509 N.E.2d 824; *Goodpaster v. State* (1980), 273 Ind. 170, 402 N.E.2d 1239. Second, an essential element of criminal trespass is the defendant's lack of "contractual interest" in the dwelling entered. The charging information here, however, did not allege McBride had no contractual interest in the property, and proof of the burglary charge would therefore not have required proof of all the essential elements of criminal trespass. *Owens, supra; Welch, supra.* "It is possible for one to burglarize a 'dwelling' ... in which he has a contractual interest." *Goodpaster, supra,* at 175, 402 N.E.2d at 1242. The trial court properly refused the tendered instruction.

### CONCLUSION

The judgment of the trial court is in all things affirmed.

RATLIFF, C.J., and CONOVER, J., concur.

