**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OSCAR DIAZ-FLORES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1302-CR-184 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant Hawkins, Judge
Cause No. 49G05-1206-FA-44464

**September 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Oscar Diaz-Flores broke into his ex-girlfriend's apartment, attacked her, physically prevented her from leaving the apartment, and made her go into the bedroom. He was convicted of, among other crimes, class A felony burglary and two counts of class C felony criminal confinement. He appeals his conviction for class A felony burglary, arguing that the evidence was insufficient to prove that he intended to commit criminal confinement at the time he broke and entered the apartment. He also appeals his criminal confinement convictions, arguing that one must be vacated because the offenses were so continuous as to constitute a single transaction.

We conclude that the evidence is sufficient to support his burglary conviction and affirm it. We further conclude, and the State concedes, that his criminal confinement of the victim constitutes a single transaction and can only support one criminal confinement conviction and therefore vacate one.

**Facts and Procedural History**

Diaz-Flores and Josselin Tatiana Rogel were in a romantic relationship for two years, during which time they lived together for one and a half years at Carmel Creek Apartments and had a son. In February 2010, they stopped living together. Rogel took Diaz-Flores's key to the apartment and had the locks to the apartment changed. As of June 19, 2012, a no contact order had been issued in connection with another case, prohibiting Diaz-Flores from having contact with Rogel or visiting locations where he knew her to be.

On June 19, 2012, Diaz-Flores called Rogel several times. Rogel eventually answered one of his calls, and Diaz-Flores told her that he wanted to see her. She told him no. Rogel went to her mother's apartment with her son. Around 11:00 p.m., Rogel returned to her apartment to retrieve clothing for herself and her son because they were going to spend the night at her mother's. When Rogel got to her apartment, she sat on the stairs to her living room, folding clothes and talking on the phone. Rogel saw Diaz-Flores come out of the living room closet. He was angry and told her that he was going to kill her. He grabbed her hair, threw her to the floor, and struck her multiple times with his fists and his foot. He grabbed her head with both hands and hit it against the floor. All this was very painful. Diaz-Flores told her that she deserved the beating and deserved to die. He threw her on the couch where there was a belt. He grabbed the belt and held it down on her neck with all his strength. It was very difficult for Rogel to breathe. She bit Diaz-Flores's hand, he released her, and she ran to the stairs. He grabbed her shirt, so she slipped out of it and continued running. Then he grabbed her hair. He put his hand in front of her nose and mouth so she could not breathe. Again, she broke away, but he blocked the door. Rogel was crying and shaking and begging Diaz-Flores to leave her alone. He wanted her to go to the bedroom. She did not want to go to the bedroom with Diaz-Flores, but she eventually complied. When they got to the bedroom, Rogel managed to open the window and jump out, breaking her foot as she landed. She also had bruises on her head and arms and visible fingerprints on her neck from the attack.

On June 29, 2012, the State charged Diaz-Flores with Count I, class A felony burglary; Count II, class C felony criminal confinement; Count III, class C felony criminal confinement; Count IV, class D felony strangulation; Count V, class D felony intimidation; Count VI, class A misdemeanor domestic battery; Count VII, class A misdemeanor battery; and Count VIII, class A misdemeanor invasion of privacy. On January 31, 2013, following a bench trial, the trial court took the burglary charge under advisement to allow the parties to research whether burglary could be committed by someone on the lease. The trial court found Diaz-Flores guilty of both counts of criminal confinement, strangulation, domestic battery, and invasion of privacy. The trial court found him not guilty of intimidation, and based on double jeopardy principles, battery.

At the sentencing hearing on January 31, 2013, the trial court heard argument on the burglary issue and found Diaz-Flores guilty of burglary. The trial court sentenced Diaz-Flores to thirty years for burglary, eight years for each count of criminal confinement, one and a half years for strangulation, and one year each for domestic battery and invasion of privacy. The sentence for Count III criminal confinement was to run consecutive to the sentence for Count II criminal confinement, but otherwise all the sentences were concurrent, for an aggregate sentence of thirty years.[1] Diaz-Flores appeals.

---

[1] The State maintains that Diaz-Flores's aggregate term is thirty-eight years, apparently under the mistaken impression that Count III was ordered consecutive to the other sentences. Our review of the record reveals that the trial court ordered Count III to run consecutive to Count II, and both to run concurrent with the other sentences, resulting in an aggregate term of thirty years. Appellant's Br. at 10 (abstract of judgment); Tr. at 109-10.

## Discussion and Decision

### I. Sufficiency of the Evidence

Diaz-Flores argues that the evidence is insufficient to support his burglary conviction. In reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of witnesses, and we consider only the evidence that supports the judgment and the reasonable inferences arising therefrom. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We will affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict Diaz-Flores of class A felony burglary as charged, the State was required to prove beyond a reasonable doubt that he broke and entered Rogel's dwelling with the intent to commit criminal confinement therein and that this resulted in bodily injury to her. Appellant's App. at 23; Ind. Code § 35-43-2-1. Criminal confinement is the knowing or intentional confinement of a person without her consent. Ind. Code § 35-42-3-3. Diaz-Flores contends that the State failed to prove that he intended to commit criminal confinement when he broke and entered the apartment.

"Intent, like the other elements of burglary, is a question of fact." *McBride v. State*, 597 N.E.2d 992, 994 (Ind. Ct. App. 1992). "The State must prove beyond a reasonable doubt that the defendant intended to commit a specific felony when he broke and entered." *Id.* "[B]reaking and entering is not itself sufficient to prove entry with intent to commit a felony." *Eveler v. State*, 524 N.E.2d 9, 11 (Ind. 1988). However,

> [b]urglars rarely announce their intentions at the moment of entry, and indeed many times there is no one around to hear them even if they were to do so.

5

> Hence, a burglar's intent to commit a specific felony at the time of the breaking and entering may be inferred from the circumstances. Evidence of intent need not be insurmountable, but there must be a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony.

*Baker v. State*, 968 N.E.2d 227, 229-30 (Ind. 2012) (citations and quotation marks omitted).

"[I]ntent may be inferred from subsequent conduct of the defendant inside the premises."

*Eveler*, 524 N.E.2d at 11.

In *Eveler*, Our supreme court held that the defendant's commission of rape and criminal deviate conduct inside the victim's premises was sufficient evidence standing alone to support the inference that the defendant intended to commit rape and criminal deviate conduct when he broke and entered the premises. *Id*. Under *Eveler*, Diaz-Flores's commission of criminal confinement in Rogel's apartment is sufficient evidence to support a reasonable inference that he intended to commit that offense when he broke and entered her apartment. Diaz-Flores's argument that his conduct after he broke and entered does not support a reasonable inference of his intent to commit criminal confinement is merely an invitation to reweigh the evidence, which we may not do. We conclude that the evidence is sufficient to support Diaz-Flores's conviction for class A felony burglary.

## II. Continuing Crime Doctrine

Diaz-Flores contends that his two convictions for criminal confinement violate the continuing crime doctrine. "The continuing crime doctrine applies when actions 'sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction.'"

*Leggs v. State*, 966 N.E.2d 204, 209 (Ind. Ct. App. 2012) (quoting *Firestone v. State*, 838 N.E.2d 468, 471 (Ind. Ct. App. 2005)). In such circumstances, the defendant may be convicted of only one crime. *Id*.

The State properly agrees that under the factual circumstances of this case, the confinement remained continuous and only supports one conviction. Accordingly, we vacate Count III. However, this will not affect Diaz-Flores's aggregate sentence of thirty years, as the sentence for Count III was consecutive to Count II but concurrent with the thirty-year sentence for burglary.

Affirmed in part and vacated in part.

ROBB, C.J., and PYLE, J., concur.