## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 23 2015, 9:17 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael Frischkorn
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antonio Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 23, 2015

Court of Appeals Case No.
30A05-1410-CR-489

Appeal from the Hancock Superior Court 1

The Honorable Terry K. Snow, Judge

Case No. 30D01-1406-FB-1043

**Vaidik, Chief Judge**

## Case Summary

Antonio Johnson was convicted of burglary as a Class B felony and attempted theft as a Class D felony. He now appeals and argues that the evidence is

insufficient to support his convictions. We find sufficient evidence to support Johnson's Class B felony burglary and Class D felony attempted-theft convictions because the fact that Johnson opened drawers in the Flicks' master bedroom supports an inference that Johnson intended to commit theft as the underlying felony in the burglary conviction and is sufficient to prove that Johnson engaged in conduct that constituted a substantial step toward exerting unauthorized control over the Flicks' property with intent to deprive the Flicks of any part of its value or use. We therefore affirm his convictions.

# Facts and Procedural History

[1] At approximately 1:00 p.m. on June 20, 2014, Erin Flick took two of her children shopping while her fourteen-year-old daughter Emma stayed home. Fifteen minutes after her mother and siblings left their house in Greenfield, Emma, who was upstairs in her bedroom, heard someone ring the front doorbell twice. She then heard the family's dogs run to the back of the house. Emma looked out her bedroom window on the back side of the house and saw Johnson and another man standing on the back deck looking into the house. The men were also putting on latex gloves.

[2] Emma telephoned her mother, who told Emma to call 911. While she was talking to the 911 dispatcher, Emma heard Johnson and the other man force open the back door just below her bedroom, which led to her parents' master bedroom. She also heard the two men attempting to quiet her dogs.

[3] When police officers arrived at the scene, they found Johnson and the other man walking down the street three houses away from the Flicks' house. Emma came out of the house and identified the two men as those who had just forced open the back door to her house. The officers found latex gloves on the ground nearby.

[4] When Emma's parents arrived home, they noticed that the screen door to the first-floor master bedroom had been cut and the exterior door to the room had been forced open. Erin also noticed that the drawers in the master bedroom were open. Nothing was missing from the house.

[5] The State charged Johnson with Class B felony burglary for breaking and entering the Flick family's dwelling with intent to commit theft therein and Class D felony attempted theft for taking a substantial step toward exerting unauthorized control over the Flicks' property by forcing entry and going through contents of the dwelling. Appellant's App. p. 44.

[6] At trial, Erin testified that the drawers in her bedroom had not been open when she left the house. A jury convicted Johnson of both charges, and the trial court sentenced him to ten years for the Class B felony, with four years executed and six years suspended to probation, and two years for the Class D felony, with the sentences to run concurrently. Johnson appeals his convictions.

# Discussion and Decision

[7] Johnson argues that there is insufficient evidence to support his convictions for Class B felony burglary and Class D felony attempted theft. When reviewing the sufficiency of the evidence to support a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Gorman v. State*, 968 N.E.2d 845, 847 (Ind. Ct. App. 2012), *trans. denied.* We consider only the probative evidence and the reasonable inferences therefrom that support the conviction. *Id.* We will affirm if the probative evidence and reasonable inferences from that evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[8] To convict Johnson of Class B felony burglary, the State had to prove that he broke and entered the Flicks' dwelling with the intent to commit theft therein. *See* Ind. Code Ann. 35-43-2-1 (West 2012). Johnson's sole contention is that the "evidence presented at trial does not support the conclusion[] that [he] had the requisite intent to commit theft in the house." Appellant's Br. p. 4.

[9] Intent, like the other elements of burglary, is a question of fact. *McBride v. State*, 597 N.E.2d 992, 994 (Ind. Ct. App. 1992). Burglars rarely announce their intentions at the moment of entry, so the intent to commit a given felony is a fact that may be inferred from the circumstances. *Gilliam v. State*, 508 N.E.2d 1270, 1271 (Ind. 1987), *reh'g denied*. The evidence must provide a solid basis to support a reasonable inference that the defendant intended to commit the underlying felony. *Cash v. State*, 557 N.E.2d 1023, 1024 (Ind. 1990), *reh'g denied*.

[10]  *Baker v. State*, 968 N.E.2d 227 (Ind. 2012), is instructive.  There, Baker broke and entered a church, but nothing was missing.  A jury convicted Baker of Class B felony burglary, and on appeal, like Johnson, he argued that there was insufficient evidence of his intent to commit theft within the church.  This Court agreed and reversed Baker's conviction.  *See Baker v. State*, No. 89A01-1010-CR-536 at 4 (Ind. Ct. App. June 17, 2011).

[11]  The Indiana Supreme Court, however, granted transfer and affirmed Baker's conviction.  *Baker,* 968 N.E.2d at 229.  Specifically, the Court pointed out that there was evidence that Baker had been in the church kitchen and had opened several cupboards and drawers.  The Court explained that this "evidence, standing alone, permit[ted] a reasonable inference of the defendant's felonious intent at the time of entry. . . .  The opening of cabinets and drawers by an intruder suggests, among other things, that the person opening them was looking for something to take." *Id.* at 231.

[12]  Likewise, here, there was evidence that Johnson opened several drawers in the Flicks' master bedroom.  As in *Baker,* the opening of these drawers suggests that Johnson was looking for something to take and supports an inference of intent to commit theft.  There is sufficient evidence to support Johnson's Class B felony burglary conviction.

[13]  Johnson also argues that there is insufficient evidence to support his Class D felony attempted-theft conviction.  To convict Johnson of attempted theft, the State had to prove that he engaged in conduct that constituted a substantial step

toward exerting unauthorized control over the Flicks' property with intent to deprive the Flicks of any part of its value or use. *See* Ind. Code Ann. §§ 35-43-4-2 (2012) and 35-41-5-1 (2012). Evidence that Johnson opened several drawers in the Flicks' master bedroom suggests that Johnson was looking for something to take and was engaged in conduct that constituted a substantial step toward exerting unauthorized control over the Flicks' property with intent to deprive the Flicks of its use or value. This evidence is sufficient to support Johnson's conviction of attempted theft as a Class D felony.

Affirmed.

Kirsch, J., and Bradford, J., concur.