

FILED

May 23 2017, 6:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antoine D. Bates,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 23, 2017<br><br>Court of Appeals Case No.<br>20A03-1612-CR-2896<br><br>Appeal from the Elkhart Superior<br>Court<br><br>The Honorable Stephen R.<br>Bowers, Judge<br><br>Trial Court Cause No.<br>20D02-1409-FB-74 |

**Vaidik, Chief Judge.**

# Case Summary

[1] At Antoine D. Bates's jury trial for Class B felony burglary, the State disclosed for the first time that a wallet (which the owner had lost over two years earlier) had been found in the area of the burglary. Bates argued that this late disclosure violated *Brady v. Maryland,* 373 U.S. 83 (1963), which requires the prosecution to disclose evidence that is favorable to the defendant. The trial court found no *Brady* violation, and Bates was convicted as charged. Bates now appeals, arguing a *Brady* violation and that the evidence is insufficient to support his conviction.

[2] Because *Brady* does not impose a general requirement of pretrial disclosure, Bates gives us no reason to believe that the wallet's owner could have offered evidence favorable to him, and Bates did not request a continuance when the disclosure was first made at trial, we find no *Brady* violation. In addition, because the victim saw Bates running away from her house carrying property that had been inside, we find that the evidence is sufficient to support his burglary conviction. We therefore affirm.

# Facts and Procedural History

[3] In November 2013, Nancy Medina and her husband, Manuel Torres, lived at Nancy's parents' house in Harrison Ridge subdivision in Goshen along with Nancy's parents and three of her younger siblings. Nancy's youngest brother was one year old at the time.

[4] On the night of November 9, Nancy and Manuel went with another couple to a dance club in South Bend to celebrate Manuel's twenty-second birthday. The group left the club around 3 a.m., and the other couple drove Nancy and Manuel home. Nancy was the first to enter the house and left the door open for her husband. As Nancy headed to the bathroom, she saw a man standing in the kitchen. Tr. Vol. II p. 227; Tr. Vol. III p. 4. The man, later identified as Bates, said, "Don't yell," but Nancy yelled for her husband and ran out of the house. Tr. Vol. II pp. 229-30. Bates followed Nancy out of the house and ran into the street. Manuel, who was in the driveway, chased Bates for a short time but then stopped. During this time, Nancy saw that Bates was carrying her brother's Winnie the Pooh diaper bag that had been sitting on the kitchen table. It contained baby clothes and a camera.

[5] Sergeant Scott Frey with the Elkhart County Sheriff's Department responded to a report of a burglary in progress at 3:35 a.m. After speaking with Nancy, he walked around the house to see if he could find a point of entry. Sergeant Frey found a screwdriver by the sliding-glass door. The locking mechanism on the sliding-glass door was damaged, as if something had been pushed into it. The screwdriver did not belong to Nancy or her family.

[6] Undercover Officer (UC) 152[1] also responded to the report of a burglary in progress. After receiving a description of Bates, he helped other officers set up a

---

[1] This officer was not working undercover at the time of the burglary, but he was working undercover at the time of trial.

perimeter around the subdivision. Shortly thereafter, UC 152 saw a man matching the description walk out from a wooded area in the subdivision. UC 152 eventually apprehended and arrested Bates. Officers did not find the diaper bag.

[7] Several days later, on November 15, officers, including a K-9 officer, searched "every inch" of the subdivision for the diaper bag but still did not find it. *Id.* at 191. The K-9 officer, however, found a wallet in the subdivision. He tracked down the wallet's owner, who said he had lost his wallet over two years earlier. *Id.* at 207. The officers determined that the wallet was unrelated to this case and did not tell Bates about its discovery.

[8] Thereafter, the State charged Bates with Class B felony burglary. At the jury trial, one of the searching officers briefly testified about the discovery of the wallet by the K-9 officer (who did not testify at trial). *Id.* at 207. Defense counsel cross-examined the officer about the wallet but did not ask for a continuance to pursue the matter.

[9] Instead, after the State completed its case in chief, Bates argued that the State's failure to disclose the existence of the wallet before trial violated *Brady*. The trial court found no *Brady* violation, Tr. Vol. III pp. 61, 90-91, and the defense rested without presenting any evidence. The jury found Bates guilty as charged.

[10] Bates now appeals.

# Discussion and Decision

Bates raises two issues on appeal. First, he renews his *Brady* challenge. Second, he contends that the evidence is insufficient to support his conviction.

## I. *Brady* Violation

Bates first contends that the State's failure to disclose the existence of the wallet before trial violated *Brady*. *Brady* and its progeny apply to the State's failure to disclose favorable evidence that is material to the accused's guilt or punishment. *Cone v. Bell*, 556 U.S. 449, 469 (2009); *Brady*, 373 U.S. at 87. There are three components to a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice (materiality inquiry). *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Evidence is material when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Cone*, 556 U.S. at 470.

Although *Brady* itself involved a request for pretrial disclosure, most courts agree that *Brady* does not impose a general requirement of pretrial disclosure of exculpatory evidence. 6 Wayne R. LaFave et al., *Criminal Procedure* § 24.3(b) (4th ed. 2015); *see also Williams v. State*, 714 N.E.2d 644, 649 (Ind. 1999). For most exculpatory evidence, the prosecution is able to satisfy its constitutional obligation by disclosing the evidence at trial. 6 LaFave, § 24.3(b). The burden rests with the defendant to establish that "the lateness of the disclosure so

prejudiced defendant's preparation or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial." *Id.* (quotation omitted). Moreover, if the defendant fails to request a continuance when the disclosure is first made at trial, that failure may be viewed as negating any claim of actual prejudice. *Id.*; *see also Braswell v. State*, 550 N.E.2d 1280, 1283 (Ind. 1990) (explaining that a continuance could have been a proper remedy when the evidence was disclosed during—and not before—trial; however, the defendant did not request a continuance).

[14] Bates's *Brady* challenge fails for two reasons. Although Bates cross-examined the officer about the wallet, Bates claims that he was unable to question the wallet's owner. But Bates gives us no reason to believe that the owner could have offered evidence that was favorable to him, either because it was exculpatory or impeaching. This is especially so given that the evidence before the court was that the owner had lost the wallet two years earlier. Moreover, to the extent Bates argues that the State's late disclosure prevented him from making such a showing, Bates did not ask the trial court for a continuance to pursue the matter. We therefore find no *Brady* violation.

## II. Sufficiency of the Evidence

[15] Bates next contends that the evidence is insufficient to support his conviction for Class B felony burglary. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. *Sallee v. State*, 51

N.E.3d 130, 133 (Ind. 2016). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* It is not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id.* (quotation omitted). "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quotation omitted).

[16]    In order to convict Bates of Class B felony burglary as charged here, the State had to prove that he broke into and entered Nancy's dwelling with intent to commit a felony, to wit: theft, in it. Appellant's App. Vol. II p. 40; Ind. Code Ann. § 35-43-2-1 (West 2012). Bates's sole argument on appeal is that "there was no direct evidence that [he] formed the requisite intent to commit felony Theft at the time entry into the home was made." Appellant's Br. p. 13.

[17]    "Burglars rarely announce their intentions at the moment of entry." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012). Accordingly, a burglar's intent to commit a specific felony at the time of the breaking and entering may be inferred from the circumstances. *Id.* Here, when Nancy walked into the house, she saw Bates standing in the kitchen. She did not see anything in his hands at the time. But when Nancy saw Bates running away from the house moments later, she saw that he was carrying her brother's diaper bag that had been sitting on the kitchen table. Bates does not dispute Nancy's testimony that she saw him carrying her brother's diaper bag. Possession of stolen property supports an inference of intent to commit theft at the time of the breaking and entering.

*Patterson v. State*, 729 N.E.2d 1035, 1042 (Ind. Ct. App. 2000); *McBride v. State*, 597 N.E.2d 992, 994 (Ind. Ct. App. 1992). Accordingly, we find that the evidence is sufficient to support his conviction for Class B felony burglary.

Affirmed.

Bailey, J., and Robb, J., concur.